**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>                    Plaintiff,<br>v.<br><br>JULES ALCIDE, LINDA NZEADIBE and JOEL OYEKUNLE<br><br>                    Defendants. | Civil Action No.: 2:25-cv-15808<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion to remand (ECF No. 8) filed by Plaintiff JPMorgan Chase Bank, National Association ("Plaintiff" or "Chase"). Defendants filed an opposition to the motion. ECF Nos. 11, 12. The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**WHEREAS** this case arises out of foreclosure proceedings initiated by Chase in the Superior Court of New Jersey, Chancery Division, Essex County in December 2008. ECF No 8-4, Exhibit A ("Compl."). Final judgment in the foreclosure proceedings was entered in 2010 in Plaintiff's favor, and an amended final judgment was entered in 2014. ECF No. 8-4, Exhibits C & D. On August 20, 2024, Defendant Alcide moved to stay the upcoming sheriff's sale of the property at issue. ECF No. 8-4, Exhibit H. The motion was denied, and the sale proceeded. ECF No. 8-4, Exhibits I & J. Alcide then moved to set aside the New Jersey Court's August 2024 order denying the stay. ECF No. 8-4, Exhibit K. That motion was denied. ECF No. 8-4, Exhibit L. Defendants then appealed in the Superior Court of New Jersey, Appellate Division.

ECF No. 8-4, Exhibit M.  That appeal was dismissed.  ECF No. 8-4, Exhibit U.  Defendants then removed the case to this Court in September 2025.  ECF No. 1.  Defendants state in their removal filings that the New Jersey Appellate Division deprived them of fundamental rights by dismissing the foreclosure appeal and that Plaintiffs violated the federal Fair Housing Act by discriminating against Defendants.  *Id.* at 2–3, 7; and

**WHEREAS** the Court lacks federal question subject matter jurisdiction over the case. Plaintiff's Complaint raises only issues of state law.  *See* Compl.  While Defendants maintain that Plaintiff violated federal law, a case is not removable to federal court simply because the defendant raises a federal defense.  *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995).  Rather, "a court determines if there is federal question jurisdiction in removal cases by use of the well-pleaded complaint rule, which provides that there is federal question jurisdiction only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, removal is improper because Chase's complaint does not raise an issue of federal law; and

**WHEREAS** even if the complaint raised an issue of federal law or if the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332, Defendants' removal is untimely.  Under 28 U.S.C. § 1446(b)(1) a defendant must file their notice of removal within 30 days of being served with the complaint.  Chase filed the initial foreclosure action in 2008.  So, Defendants' 2025 removal is untimely.

Accordingly, **IT IS** on this 22nd day of May, 2026;

**ORDERED** that Plaintiff's motion to remand (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that the action is **REMANDED** to the Superior Court of New Jersey, Essex County; and it is further

**ORDERED** that this case be and hereby is **CLOSED**.

**SO ORDERED**.

*s/ Claire C. Cecchi*

_____

**CLAIRE C. CECCHI, U.S.D.J.**

3